## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CLARENCE TURNER,** | § | |
| **TDCJ No. 0713859,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-21-CA-0405-JKP** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Clarence Turner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and supplemental memorandum in support (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 13), and Petitioner's Reply (ECF No. 14) thereto.  Petitioner challenges the constitutionality of his 1995 state court conviction for credit card abuse, arguing that his resulting sentence: (1) violates the Due Process Clause of the Fourteenth Amendment, (2) was improperly enhanced, (3) constitutes cruel and unusual punishment under the Eighth Amendment, and (4) constitutes an illegal sentence under the Fourteenth Amendment.  In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1).  Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I.  Background

In March 1995, Petitioner was convicted of one count of credit card abuse (habitual) and sentenced to thirty years of imprisonment.  *State v. Turner*, No. 94CR5752 (175th Dist. Ct., Bexar Cnty., Tex. Mar. 30, 1995); (ECF No. 12-5 at 58-59).  The Texas Fourth Court of Appeals affirmed his conviction on direct appeal.  *Turner v. State*, No. 04-95-00248-CR (Tex. App.—San Antonio, Nov. 29, 1995, no. pet.); (ECF No. 12-1).  Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.  (ECF No. 13-1).[1]

Instead, Petitioner challenged his conviction and sentence by filing a state habeas corpus application on March 27, 1997.  *Ex parte Turner*, No. 34,813-01 (Tex. Crim. App.); (ECF No. 12-9 at 33).  The Texas Court of Criminal Appeals denied the petition without written order on August 27, 1997.  (ECF No. 12-9 at 1).  Petitioner then waited until October 2005 to file a second state habeas application challenging his conviction and sentence which was ultimately dismissed by the Texas Court of Criminal Appeals in February 2006 as a successive petition pursuant to Tex. Code. Crim. Proc. Art. 11.07, Sec. 4.  *Ex parte Turner*, No. 34,813-02 (Tex. Crim. App.); (ECF No. 12-15 at 2, 13).  Petitioner also filed a third state habeas application in April 2020 which was again dismissed as a successive petition by the Texas Court of Criminal Appeals in October 2020.[2]  *Ex parte Turner*, No. 34,813-03 (Tex. Crim. App.); (ECF Nos. 12-16, 12-20 at 18).

Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on April 1, 2021.  (ECF No. 1 at 10).

---

[1]      *See also*  http://www.search.txcourts.gov, search for "Turner, Clarence" last visited September 16, 2021.

[2]      Petitioner's request for mandamus relief was also rejected by the state court on the same date.  *Ex parte Turner*, No. 34,813-04 (Tex. Crim. App.); (ECF Nos. 12-21, 12-22).

## II. <u>Timeliness Analysis</u>

Respondent contends the allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final December 29, 1995, when the time for filing a PDR with the Texas Court of Criminal Appeals expired.  *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted).  However, the one-year limitations period of § 2244(d)(1) did not become effective until April 24, 1996, the day Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* Pub. L. No. 104–132, 110 Stat. 1217.  As a result, the limitations period under § 2244(d) for Petitioner to file a federal habeas petition challenging his underlying conviction expired a year later on April 24, 1997.  *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998) (finding such petitioners have one year after the April 24, 1996, effective date of AEDPA in which to file a § 2254 petition for collateral relief).

Petitioner did not file his § 2254 petition until April 1, 2021—almost twenty-four years after the limitations period expired.  Thus, his petition is barred by AEDPA's one-year statute of limitations unless it is subject to either statutory or equitable tolling.

## A.      Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  As discussed previously, Petitioner challenged the constitutionality of his state court conviction and sentence by filing a state habeas application on March 27, 1997, which was eventually denied by the Texas Court of Criminal Appeals on August 27, 1997.  Accordingly, Petitioner's first state habeas application tolled the limitations period for a total of 153 days, making his federal petition due September 24, 1997.

Although Petitioner is entitled to statutory tolling under § 2244(d)(2) for the first state habeas application he filed, the second and third state habeas applications he filed do not afford him the same courtesy.  These applications were not filed until October 2005 and April 2020, respectively, both well after the time for filing a federal petition under § 2244(d)(1) had already

lapsed.  As a result, the second and third applications do not toll the one-year limitations period.[3]

*See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Petitioner's

limitations period for filing a federal petition therefore still expired September 24, 1997.  Again,

he did not file the instant § 2254 petition until April 2021—over twenty-three and a half years

too late.

**B.**      **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling.  The Supreme

Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of

equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way and prevented timely filing."  *McQuiggin v.*

*Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable

tolling is only available in cases presenting "rare and exceptional circumstances," *United States*

*v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their

rights."  *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid reason to equitably toll the

limitations period in this case.  Even with the benefit of liberal construction, Petitioner is not

entitled to the application of equitable tolling because he has not demonstrated the existence of

an "extraordinary circumstance" that prevented his timely filing.  Indeed, a petitioner's ignorance

of the law, lack of legal training or representation, and unfamiliarity with the legal process do not

rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of

---

[3]       Petitioner's subsequent mandamus request was also filed well after the limitations period expired and
consequently does not toll the limitations period.  Even if filed earlier, Petitioner's request for mandamus relief
would not warrant tolling because it did not seek review of the underlying judgment.  *See Moore v. Cain*, 298 F.3d
361, 367 (5th Cir. 2002) (finding a mandamus application did not toll the limitations period because it was not a
"properly filed application for State post-conviction or other collateral review with respect to the pertinent
judgment.").

the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in Petitioner's federal petition concern the constitutionality of his March 1995 conviction and sentence, yet Petitioner did not submit his first state habeas corpus application challenging the conviction until March 1997, well after his conviction had become final and eleven months after the enactment of the AEDPA. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.").

Further, Petitioner has not provided any legitimate reason why he waited another eight years after the Texas Court of Criminal Appeals denied his first state habeas application in August 1997 before filing his second state habeas application. He similarly provides no explanation for why he waited another fourteen years after the dismissal of his second state habeas application before filing his third, much less why he then waited another six months after the third application's dismissal before filing the instant federal petition. Petitioner fails to establish that his claims could not have been discovered and presented much earlier.

Because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings;  *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by more than twenty-three years.  Thus,

for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief.  As such, a COA will not issue.

### IV.  Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).  As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED**, and Petitioner Clarence Turner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 16th day of September, 2021.

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**